In the Matter of the Elimination of Grade Crossings of the NEW YORK CENTRAL RAILROAD in the City of Buffalo. NEW YORK CENTRAL RAILROAD COMPANY, Appellant; PUBLIC SERVICE COMMISSION et al., Respondents.

Argued January 16, 1948; decided March 18, 1948.

*Jacob Aronson, Paul Folger, William R. Stevens, Clyde Brown, Jr.,* and *Frederick L. Wheeler* for appellant. The order of the Appellate Division has the finality requisite to review thereof by the Court of Appeals. (*Matter of Colonial Liquor Distributors* v. *O'Connell,* 295 N. Y. 129; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320; *Matter of N. Y. C. R. R. Co.* v. *Public Service Comm.,* 252 N. Y. 583.)

*Gay H. Brown* for Delaware, Lackawanna & Western Railroad Company and others, *amici curiæ,* in support of appellant's position.

*Joseph J. Doran, Samuel R. Madison* and *Philip Halpern* for Public Service Commission, respondent. The Public Service Commission and the Appellate Division have finally determined the existence or inclusion of railroad improvements in the plans despite the reservation clause inserted in the commission's order and the order has the finality requisite to review thereof by the Court of Appeals.

*Fred C. Maloney, Corporation Counsel* (*Elmer S. Stengel* of counsel), for City of Buffalo, respondent.

*Per Curiam.* In view of the reservations contained in the order of the Public Service Commission, we are constrained to dismiss this appeal for lack of jurisdiction upon the ground that the commission's order, affirmed by the Appellate Division, did not finally determine the proceeding within the meaning of the Constitution of the State. We are further of the opinion that the Appellate Division was without jurisdiction to review the order of the commission because the order did not affect a substantial right of the appellant (Civ. Prac. Act, § 631). It seems entirely clear that under the reservation in the Public Service Commission's order there can and will be no determination with respect to the cost of improvements to be paid by the railroad company under the provisions of the Grade Crossing Elimination Act of 1939 (L. 1939, ch. 289, § 4) until after a hearing *de novo* with respect to the extent to which the plans include railroad improvements and the nature and cost thereof, entirely without prejudice to the respective contentions of the State of New York and the New York Central Railroad Company, and without prejudice to the right of any person to offer further and additional proof at that time upon such issues. Inasmuch as the entire cost of construction will be advanced by the State, and the railroad company will not be required to pay or contribute to the cost of construction until after the work is completed and such a determination has been made, and since that determination will be subject to review in the courts, it cannot be said that the order reserving all of these matters to future determination affects any substantial right of the appellant.

The appeal should be dismissed, without costs, and the matter remitted to the Appellate Division, with directions to dismiss the appeal taken to that court.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Appeal dismissed.