## Fourth Department, July, 1953.

### (July 8, 1953.)

In the Matter of the Elimination of Grade Crossings of the NEW YORK CENTRAL RAILROAD COMPANY in the City of Dunkirk. In the Matter of the Elimination of Grade Crossings of the ERIE RAILROAD COMPANY in the City of Dunkirk. NEW YORK CENTRAL RAILROAD COMPANY, Appellant; PUBLIC SERVICE COMMISSION et al., Respondents.

*Per Curiam.* The principal question here raised was passed upon by this court in *Matter of Grade Crossings of New York Central R. R. Co. (Buffalo),* (271 App. Div. 266). While that case was reversed by the Court of Appeals (297 N. Y. 246) and it dismissed the "appeal for lack of jurisdiction upon the ground that the commission's order, ✳ ✳ ✳ did not finally determine the proceeding " and that this court " was without jurisdiction to review the order of the commission because the order did not affect a substantial right of the appellant," the court did not pass on the merits of the case. We have again reviewed the record of the 1938 Constitutional Convention leading up to the grade crossing elimination constitutional provision as finally approved by the convention and by the people at the November, 1938, election (N. Y. Const., art. VII, § 14) and find no reason to depart from the decision reached in the opinion by Justice HARRIS as to "railroad improvements."

The second question raised by appellant is that respondent's order of August 22, 1939, limited the "railroad improvements" to the increased weight of 127 pound rail over and above the rail then in use. We do not so construe that order. If, however, that was the intent of the order it could not bind the State of New York as the Enabling Act (L. 1939, ch. 289) in section 4, requires the commission to hold a hearing when the work has been completed and accepted and to determine, among other things, "the cost of the railroad improvements not an essential part of the elimination ". When that order was made final plans and specifications had not been completed as the order itself required appellant to prepare and submit plans and specifications to the commission. The statute requires the determination to be made after the work is completed and accepted and the order in question could not be said to comply with that requirement.

The order of June 11, 1947, should be affirmed.

The appeal from the order of August 5, 1947, should be dismissed as academic.

All concur. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

Order of June 11, 1947, affirmed, with costs. Appeal from order of August 5, 1947, dismissed as academic. [See *post,* p. 853.]