■   JACK SOBEL, Appellant, v. JOHN BESS et al., Respondents.— In this action, wherein an interlocutory judgment was rendered on February 13, 1966, directing defendant John Bess as receiver and trustee for the Great River Country Club Associates, to account for his proceedings as such, plaintiff, Jack Sobel, as sole surviving general partner of Great River Country Club Associates, appeals, as limited by his brief, from two orders of the Supreme Court, Suffolk County. (1) An order of that court dated September 4, 1973, which (a) denied, as therein set forth, plaintiff's motion to compel defendants to produce at their examination before trial certain documents and (b) which denied plaintiff's motion to compel defendants to amend the accounting which they had filed on March 16, 1966 pursuant to the above interlocutory judgment. (2) An order of that court dated February 28, 1974 which, as therein set forth, denied plaintiff's motion to examine before trial seven persons as alleged hostile witnesses. Appeals dismissed without costs. Orderly procedure requires dismissal of the appeals from the above intermediate orders because: (a) on December 24, 1973 this court ordered that "in view of the inordinate length of time this controversy has been extant" the case is referred to Mr. Justice Glickman (who had rendered the interlocutory judgment herein on February 9, 1966) so that "the case be promptly tried and brought to a speedy conclusion" (Sobel v. Bess, 43 A D 2d 733); (b) pursuant thereto it was agreed among counsel and Mr. Justice Glickman, before the appeals from the above intermediate orders were perfected, that the trial would commence on March 11, 1974; (c) the trial did commence on that date and is still sub judice before Mr. Justice Glickman according to the record herein. Thus, the appeals from the above pretrial intermediate orders should be dismissed for that primary reason. Further, we are of the opinion that appeals from the above intermediate orders could not properly be taken as a matter of right for the following additional reasons. The decisions therein reserve for future determination relief sought in the motions resultant in those orders; it appears that in the pending trial, which the record indicates is still sub judice before Mr. Justice Glickman, rulings may be made in connection with the matters reserved for future determination by the decisions resulting in said orders (cf. Matter of Grade Crossings of N. Y. C. R. R. Co. [Buffalo], 297 N. Y. 246, 249; Matter of Gutwirth & Errante Homes, 277 App. Div. 1047; Fine v. Cummins, 260 App. Div. 569, 571). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.