■ Mary Enzien, Respondent, v Peter J. Enzien, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Ford, J.), entered December 24, 1987 in Saratoga County, which denied defendant's motion to establish valuation dates for the parties' marital assets.

Plaintiff commenced this action for divorce against defendant in 1982 seeking, *inter alia,* an equitable distribution of the parties' marital property. After the parties made numerous exchanges of financial information, defendant moved in October 1987 for a pretrial order fixing valuation dates for each of the marital assets. Since commencement of the action, defendant had apparently become financially successful, acquiring additional assets as a result thereof. He thereafter sought to have certain of the marital assets valued at a date no later than commencement of the action. Plaintiff, however, argued that the assets be valued as of the date of trial. Both sides submitted affidavits and exhibits to support their respective positions. Supreme Court, however, chose not to establish a valuation date and instead denied defendant's motion without prejudice. This appeal by defendant ensued.

In our opinion, the appeal should be dismissed since Supreme Court's order constituted an exercise of discretion affecting no substantial right (see, CPLR 5701 [a] [2] [v]). No decision was made by the court as to the appropriate valuation dates of the marital assets. Had the court selected dates for valuation, that order would have been appealable by the party disagreeing with the dates selected (see, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 288). Instead, what the court did was to essentially defer the fixing of valuation dates of the marital assets until a later point in the action. In that sense, insofar as the order basically reserved for future determination the relief sought (see, Sobel v Bess, 45 AD2d 1049; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.16), it "may be regarded as only preliminary to a disposition of the motion on the merits" (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5701.16) and therefore is not appealable as of right.

Even were we to address the merits, we would first note that the question presented is not what the appropriate valua-

tion of the assets is, as the parties are arguing, but rather whether Supreme Court erred in deferring a decision on this point. In our view, it did not. Domestic Relations Law § 236 (B) (4) (b) requires a court to value assets in a matrimonial suit "[a]s soon as practicable". The purpose of the statute was to let the parties know in advance of trial the date to be used for valuation purposes *(Wegman v Wegman,* 123 AD2d 220, 236). However, the statute was enacted subsequent to commencement of this action (L 1986, ch 884, § 5) and is, therefore, inapplicable. In any event, under the circumstances, the order did not violate Domestic Relations Law § 236 (B) (4) (b). The record reveals numerous disputed factual issues. To completely assess the equities of the situation so as to insure a fair disposition of the assets *(see, Wegman v Wegman, supra,* at 235-236), the matter was properly deferred until a later point in the action.

Appeal dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.