■ RAYMOND H. DUMAIS et al., Appellants-Respondents, v KATHLEEN M. SPROSS et al., Constituting the Town Board of the Town of Clinton, et al., Respondents-Appellants.—Casey, J. Cross appeals (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (King, J.), entered October 27, 1989 in Dutchess County, which converted petitioners' application, brought pursuant to CPLR article 78, into a declaratory judgment action and declared that Local Laws, 1971, No. 4 of the Town of Clinton neither requires the removal of camping trailers from camping trailer camps during the month of December each year nor authorizes the Town of Clinton to impose such a requirement.

Plaintiffs in this converted declaratory judgment action are the owners of a seasonal campground in the Town of Clinton, Dutchess County, which they have operated since 1971. The campground does not operate during the winter months, but some of the seasonal residents leave their campers connected to the campground's water, sewer and electrical service year round. Plaintiffs contend that this practice has continued uninterrupted for some 20 years.

Trailers and trailer parks in the town, including camping trailers and camping trailer parks, are regulated by Local Laws, 1971, No. 4 of the Town of Clinton (hereinafter Local Law No. 4). By letter dated June 15, 1989, the Town Supervisor advised plaintiffs that Local Law No. 4 required the removal of all camping trailers from the campground for the month of December. Plaintiffs promptly commenced this CPLR article 78 proceeding to prohibit the town from requiring removal of camping trailers during the month of December. Supreme Court converted the proceeding into a declaratory judgment action, rejected plaintiffs' claims that Local Law No. 4 was not validly enacted and declared that the local law neither required the removal of camping trailers during the month of December nor authorized the town to impose such a requirement. These cross appeals ensued. We affirm.

Because the effect of Supreme Court's judgment is to prohibit the town from proceeding under Local Law No. 4 to require removal of camping trailers from plaintiffs' campground during the month of December, and because that is the relief sought by plaintiffs in this litigation, plaintiffs are not aggrieved by the judgment and cannot appeal (see, CPLR 5511). In any event, there is no merit in plaintiffs' claims that Local Law No. 4 is not a valid enactment.

As to the town's cross appeal, we agree with Supreme Court that Local Law No. 4 contains no express or implied requirement that camping trailers be removed from camping trailer parks during the month of December of each calendar year. It is apparent that, for a substantial period of time, the town interpreted the statute as containing no such requirement. On its face, Local Law No. 4 prohibits only the operation of a camping trailer park during the month of December each calendar year. It contains no prohibition on the storage of camping trailers at camping trailer parks during the period that those parks are not in operation. The local law's definition of camping trailers refers to a vehicle located in a camping trailer park during the months of January through November, but there is nothing in that definition to suggest that a camping trailer cannot be located in a camping trailer park for the month of December as well, so long as there is compliance with the local law's prohibition of the operation of the park during the month of December. Supreme Court's judgment should therefore be affirmed in its entirety.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.