■ KEY BANK OF NEW YORK, Formerly Known as KEY BANK OF SOUTHEASTERN NEW YORK, N. A., Respondent, v T. M. KEMNITZ et al., Appellants, et al., Defendants. [641 NYS2d 171] —Mikoll, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered June 30, 1995 in Sullivan County, which, *inter alia*, granted a motion by defendants T. M. Kemnitz, M. K. Kemnitz and Royal Fireworks Printing Company, Inc. to vacate a deficiency judgment entered against them.

Defendants T. M. Kemnitz, M. K. Kemnitz and Royal Fireworks Printing Company, Inc. (hereinafter collectively referred to as defendants) seek to vacate a deficiency judgment entered in a foreclosure action against them in the amount of $174,949.62 on the ground that they were never served as required by RPAPL 1371 (2) with notice of the proceeding. Defendants contend that notice of the motion was served only on Simon Haysom, their former attorney who had withdrawn as attorney in the action, and thus no jurisdiction over them

was achieved. Haysom, by affidavit, alleges that he was never served with a notice of motion, neither personally nor by mailed copy thereof. He affirms that he was unaware that a hearing on the deficiency judgment was to be held. He also states that the individual with whom process was left is not his employee and is unknown to him. The process server's affidavit of notice, sworn to by one Curtis Bailey, alleges that service on Haysom was made by serving Rose D'Addio at "154 Main St., Goshen, NY", a person alleged to be authorized to accept service.

Supreme Court ordered the deficiency judgment to be vacated and defendants were given an opportunity to submit an appraisal in order to challenge the amount of the deficiency. The court ruled that Haysom failed to withdraw as counsel to defendants pursuant to CPLR 321 (b) and found substantial compliance with the service requirements of RPAPL 1371 (2), rejecting Haysom's allegations to the contrary. This appeal by defendants ensued.

We agree that service on Haysom, if established, would have constituted service on defendants (see, RPAPL 1371 [2]) in view of his failure to formally withdraw as counsel in the proceeding as required by CPLR 321. However, in view of the fact that D'Addio was not an employee and is an unknown person to Haysom, that no notice of service by mail was sent to Haysom and that he did not know of the deficiency proceeding, Supreme Court improperly found substantial service on defendants (see, CPLR 308 [2]). The affidavit of service is flawed, as well, in that it fails to allege any mailing to Haysom.

We conclude that personal jurisdiction was not achieved over defendants.

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and claim for a deficiency judgment dismissed.