■ CONNIE D'AMBRA, Appellant, v JEFFREY HAYNOR et al., Respondents. [740 NYS2d 709] —Cardona, P.J. Appeal from an order of the Supreme Court (Cobb, J.), entered January 8, 2001 in Columbia County, which granted defendants' motion to vacate a deficiency judgment entered against them.

Defendants seek to vacate a deficiency judgment entered against them in January 1995 in a foreclosure action on the basis that they were not served with notice as required by RPAPL 1371 (2). In an affidavit in opposition, plaintiff's process server, William Slemp, averred that he personally served both defendants at their home on December 14, 1994. At the traverse hearing, however, Slemp testified that he actually served both defendants on December 12, 1994. Slemp, who kept no service or travel logs at that time, stated that he served defendants on said date and, immediately after leaving their property, pulled over to the side of the road and wrote down the details of the service on an envelope. It was his practice to give such notes to his wife who would prepare and notarize his affidavits of service. With respect to the claimed service on defendants, his wife prepared two affidavits indicating that de-

fendant Brenda Drowne was served on December 14, 1994 and defendant Jeffrey Haynor was served on December 12, 1994. Slemp claimed that the inconsistencies were caused by his wife inadvertently writing December 14, 1994, the date she notarized the documents, as the date of service for Drowne rather than the correct December 12, 1994 date.

Although defendants admit that they received notice in April 1994 that a foreclosure action had been commenced, they indicated that service of the motion papers for the deficiency judgment was never made upon them. Defendants testified that they were attending events with their daughter on December 12 and 14, 1994 and were not home on either day at the time of service stated by Slemp. Haynor also testified to his longstanding practice of keeping a daily log in which he recorded significant events. Although this log showed the original service of the summons and complaint in the foreclosure action, it did not reflect receipt of service for the deficiency judgment in December 1994. Supreme Court found Slemp's testimony to be less credible than defendants and issued an order vacating the deficiency judgment, prompting this appeal by plaintiff.

RPAPL 1371 (2) provides that "notice shall be served personally or in such other manner as the court may direct" and it rests upon the plaintiff to establish that service of process was properly effectuated (*see, Rox Riv 83 Partners v Ettinger*, 276 AD2d 782, 783). While it is true that an affidavit of service from a process server constitutes prima facie proof of service, "where there is a sworn denial of service by the party allegedly served, the affidavit of service is rebutted and jurisdiction must be established by a preponderance of evidence at a hearing" (*id.* at 783).

Here, given the inconsistent documentary evidence and testimony from Slemp with respect to his poor recordkeeping practices, we find no reason to disagree with Supreme Court's adverse finding as to his credibility (*see generally, Matter of Barr v Department of Consumer Affairs of City of N.Y.*, 70 NY2d 821), nor the court's conclusion that jurisdiction was not achieved. Furthermore, while plaintiff argues that only substantial compliance with RPAPL 1371 (2) is necessary where there is proof that actual notice was timely received (*see, Sarasota, Inc. v Homestead Acres at Greenport*, 249 AD2d 290; *Heritage Sav. Bank v Grabowski*, 70 AD2d 989), we do not find sufficient proof in this record establishing actual notice within 90 days of the delivery of the Referee's deed in the foreclosure action on November 18, 1994, i.e., by February 16,

1995 (*see*, RPAPL 1371 [2]; *Citicorp Mtge. v Strong*, 227 AD2d 818). Although plaintiff's attorney produced a copy of a cover letter addressed to defendants dated February 15, 1995 which indicated that, inter alia, a copy of the deficiency judgment was attached, there was insufficient proof submitted that it was actually sent, and defendants denied receiving that mailing. Under the circumstances, we do not find actual notice within the time period prescribed by the statute. Accordingly, we cannot conclude that there was substantial compliance with the service requirements of RPAPL 1371 (2) (*see*, *Key Bank of N.Y. v Kemnitz*, 226 AD2d 947).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.