*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 20, 2016                    522332
_____

In the Matter of TIFFANY
    FRANCIS et al.,
                        Petitioners,

        v

ANN PRUSINSKI et al., as                    MEMORANDUM AND ORDER
    Commissioners of the
    Sullivan County Board of
    Elections, et al.,
                        Respondents,
        and

SHALOM LAMM et al.,
                        Appellants.
_____


Calendar Date:   September 8, 2016

Before:   Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.


                        _____


        Harris Beach PLLC, Uniondale (Jared A. Kasschau of
counsel), for appellants.


                        _____


Rose, J.

        Appeal from an order of the Supreme Court (Schick, J.),
entered May 12, 2015 in Sullivan County, which, in a proceeding
pursuant to Election Law §§ 15-138 and 16-106, among other
things, denied certain respondents' cross motion for summary
judgment dismissing the petition.

        In anticipation of a special election, petitioners
commenced this proceeding pursuant to Election Law §§ 15-138 and
16-106 seeking, among other things, a determination regarding the

validity of ballots cast by voters who were subject to postregistration challenges. Following the election, certain of the challenged voters — many of whom had successfully moved to intervene in this proceeding (hereinafter collectively referred to as intervenor respondents) — commenced a separate CPLR article 78 proceeding to, among other things, annul the determination by the Sullivan County Board of Elections to sustain nearly all of the postregistration challenges. In that proceeding, Supreme Court ordered the Board to cast and canvas the subject ballots, and the election was thereafter certified.

Petitioners then moved in this proceeding for an order declaring the election void and directing that a new election be held. Intervenor respondents cross-moved for, among other things, summary judgment dismissing the petition on the basis of lack of standing and subject matter jurisdiction. In the meantime, the Board determined that the challenged voters were not entitled to vote in any future election. A second CPLR article 78 proceeding seeking to annul the Board's determination was then commenced and ultimately transferred to this Court. Thereafter, Supreme Court denied both petitioners' motion and intervenor respondents' cross motion as premature and gave the parties leave to renew their motions once this Court resolved the second CPLR article 78 proceeding. This appeal by intervenor respondents ensued.

The order appealed from does not affect a substantial right of intervenor respondents, as it merely deferred a decision on the merits of their motion until the second CPLR article 78 proceeding is resolved and they return to Supreme Court. Accordingly, the order is not appealable as of right (see CPLR 5701 [a] [2] [v]; see generally Solomon v Meyer, 103 AD3d 1025, 1026 [2013]; Martinez v Goldrose Mgt., Inc., 49 AD3d 466, 466 [2008]). We note that, while this appeal was pending, the parties in the second CPLR article 78 proceeding settled their dispute and withdrew that proceeding. However, there is no indication that intervenor respondents have sought to avail themselves of the permission to renew their motion before Supreme Court. In light of this, and the fact that Supreme Court has yet to reach the merits of their arguments, we decline to treat the notice of appeal as an application for permission to appeal

(<u>see</u> CPLR 5701 [c]).

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur.


ORDERED that the appeal is dismissed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court