■ In the Matter of DOLOMITE PRODUCTS COMPANY, INC., Respondent-Appellant, v TOWN OF BALLSTON et al., Respondents. (Proceeding No. 1.) In the Matter of DOLOMITE PRODUCTS COMPANY, INC., Respondent-Appellant, v TOWN OF BALLSTON et al., Respondents, and I.M. LANDSCAPE ASSOCIATES, LLC, Appellant-Respondent. (Proceeding No. 2.) [58 NYS3d 174]—

Aarons, J. Cross appeal from a judgment of the Supreme Court (Chauvin, J.), entered December 10, 2015 in Saratoga County, which, among other things, in proceeding No. 2 pursuant to CPLR article 78 and action for declaratory judgment, declared that Local Law No. 2-2014 of the Town of Ballston did not apply to petitioner.

In June 2011, petitioner submitted an application to the Town of Ballston Planning Board (hereinafter the Planning Board) for site plan review and an application to respondent Zoning Board of Appeals of the Town of Ballston (hereinafter ZBA) for a height variance so that it could construct and operate a hot mix asphalt plant in the Curtis Industrial Park in

---

2. The wife did not move to reargue or appeal from this Court's decision.

the Town of Ballston, Saratoga County. While petitioner's intended use was permissible under the applicable zoning laws in effect at the time of petitioner's application, such zoning laws still required site plan review (see Code of Town of Ballston § 138-102; Local Law No. 5-2006 of Town of Ballston). The Planning Board held a public hearing in August 2011 wherein a few members from the public expressed their opposition to petitioner's plan based on, among other things, traffic, health, noise and environmental concerns. Notably, however, the chair of the Planing Board stated at the hearing that the site was "an authorized site. It's been approved by the County."

In February 2012, approximately seven months after petitioner submitted its application, the Town Board of Ballston (hereinafter Town Board) began discussing amending the zoning law to "restrict [b]lacktop [p]lants in the future" and "to restrict heavy industry and only have light industry" in the Curtis Industrial Park. While petitioner was in the midst of preparing and revising a draft environmental impact statement,[1] the Town Board continued these discussions in a series of public meetings and, ultimately, on September 24, 2013, enacted Local Law No. 3-2013 of the Town of Ballston (hereinafter Local Law No. 3). One of the prohibited uses delineated in Local Law No. 3 was an "[a]sphalt plant" in the Curtis Industrial Park.

Petitioner thereafter commenced a combined CPLR article 78 proceeding and action for declaratory judgment seeking to declare Local Law No. 3 null and void claiming that, among other things, the Town failed to give proper notice to a neighboring municipality. While that proceeding was pending, the Planning Board advised petitioner in an April 2014 letter that, because Local Law No. 3 was in effect, the Planning Board lacked jurisdiction to entertain petitioner's application. In July 2014, however, Supreme Court (Crowell, J.) invalidated Local Law No. 3. Notwithstanding this decision, the ZBA, in August 2014, upheld the Planning Board's determination upon petitioner's administrative appeal.

In September 2014, petitioner commenced a combined CPLR article 78 proceeding and action for declaratory judgment (proceeding No. 1) seeking, among other things, annulment of the ZBA's determination. The Town Board, also in September

---

1. The Planning Board requested that petitioner prepare an environmental impact statement after determining under the State Environmental Quality Review Act that petitioner's plan could have a significant adverse impact on the environment.

2014, enacted Local Law No. 2-2014 of the Town of Ballston (hereinafter Local Law No. 2), which, similar to Local Law No. 3, prohibited the use of an "asphalt plant" in the Curtis Industrial Park. In October 2014, petitioner filed a second petition/complaint (proceeding No. 2) seeking, as relevant here, the annulment of Local Law No. 2 or, in the alternative, an order granting an exemption from it. Respondent I.M. Landscape Associates, LLC (hereinafter respondent), which owns parcels of land in the Curtis Industrial Park section, was subsequently granted permission to intervene in proceeding No. 2. In the December 2015 judgment which addressed both proceedings, Supreme Court annulled the ZBA's August 2014 determination as arbitrary and capricious given that Local Law No. 3 had been invalidated by the time of the ZBA's decision. Supreme Court also granted petitioner's request for declaratory relief and a special facts exception by declaring that Local Law No. 2 was inapplicable to petitioner's application. Supreme Court declined to reach the issue of whether Local Law No. 2 should be declared null and void. Respondent appeals and petitioner cross-appeals.[2]

Initially, the threshold question of whether respondent is aggrieved by the December 2015 judgment must first be addressed (*see Lincoln v Austic*, 60 AD2d 487, 490 [1978], *lv denied* 44 NY2d 644 [1978]).[3] Aggrievement is a central but, more importantly, a necessary component to invoke this Court's jurisdiction (*see Tortora v LaVoy*, 54 AD2d 1036, 1036 [1976]). In that regard, only an "aggrieved" party may appeal from an order or judgment (CPLR 5511) and, if a party is not aggrieved, then this Court does not have jurisdiction to entertain the appeal (*see Tortora v LaVoy*, 54 AD2d at 1036).

We note that a successful intervenor, such as respondent, becomes a party to the underlying proceeding for all purposes (*see Matter of Rent Stabilization Assn. of N.Y. City v New York State Div. of Hous. & Community Renewal*, 252 AD2d 111, 116 [1998]). Indeed, "[t]he CPLR does not recognize limited intervention" (*id.* [internal quotation marks omitted]). Having party status and all attendant rights thereto, however, does not give an intervenor the inherent right to take an appeal (*see Matter of Valenson v Kenyon*, 80 AD3d 799, 799 [2011]; *Matter*

2. The Town and the Town Board filed a notice of appeal with respect to the December 2015 judgment, but they did not perfect their appeal.

3. At oral argument, petitioner contended that respondent was not aggrieved by Supreme Court's December 2015 judgment. Inasmuch as petitioner raised this contention for the first time during oral argument, we directed the parties to file post-argument submissions as to the aggrievement issue.

*of Richmond County Socy. for Prevention of Cruelty to Children*, 11 AD2d 236, 240 [1960], *affd* 9 NY2d 913, 914 [1961], *appeal dismissed and cert denied* 368 US 290 [1961]). An intervenor, just like any party to an action or proceeding seeking appellate resolution, must be aggrieved (*see* CPLR 5511; *Hirsch v Hirsch*, 148 AD3d 997, 1000 [2017]).

A party that has received its sought relief is not aggrieved and, therefore, has no basis to take an appeal (*see T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544 [1983]; *Matter of Hoover v DiNapoli*, 75 AD3d 875, 876 [2010]; *Matter of Spaziani v City of Oneonta*, 302 AD2d 846, 847 [2003]). Stated differently, a party is aggrieved when the court denies, in whole or in part, such party's requested relief. Likewise, a party is aggrieved when a court grants relief, in whole or in part, against such party and such party had opposed the requested relief (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]). Aggrievement does not hinge upon a court's reasons underpinning why relief was granted or denied (*see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]). A party that disagrees with the rationale or findings of a court's decision, but is nonetheless awarded its sought relief, is not aggrieved (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d at 545-546). "[T]he concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor" (*Mixon v TBV, Inc.*, 76 AD3d at 149).

To that end, petitioner argues that because respondent intervened in this proceeding for the sole purpose of seeking to uphold Local Law No. 2 and because Supreme Court did not annul such law, respondent received the relief it requested and, therefore, is not aggrieved by the December 2015 judgment. Respondent counters that it sought dismissal of the petition/complaint in its entirety and did not limit its involvement in proceeding No. 2 to have Local Law No. 2 upheld. We agree with petitioner.

Turning first to whether relief was granted against respondent, we find that the granting of a special facts exception in favor of petitioner does not constitute relief awarded against respondent (*see generally id.* at 156-157).[4] The overarching dispute between petitioner and respondent stems from petition-

---

4. A party seeking the benefit of the special facts exception must show that the municipality's actions were taken in bad faith, unjustifiable or an abuse of discretion (*see Rocky Point Drive-In, L.P. v Town of Brookhaven*, 21 NY3d 729, 737 [2013]).

er's desire to construct an asphalt plant in the Curtis Industrial Park section and respondent's vehement opposition to such construction. Whether petitioner can build this asphalt plant turns, in part, on the Planning Board's consideration of petitioner's site review application. As such, notwithstanding the competing interests of petitioner and respondent, the heart of proceeding No. 2 and the central dispute presented is under what law the Planning Board should examine petitioner's application, and not whether petitioner's application should or should not be granted. As relevant here, petitioner opposed using Local Law No. 2 under two theories—having Local Law No. 2 declared null and void or seeking an exemption from it through the special facts exception.

The fact that Supreme Court determined that petitioner is exempted from the dictates of Local Law No. 2 and that the Planning Board must no longer assess petitioner's application under such law has no legal bearing upon respondent. While respondent's overall goal was to prevent the construction of an asphalt plant, we note that the granting of the special facts exception by Supreme Court does not automatically lead to that result. Rather, in the December 2015 judgment, Supreme Court remitted the matter for reconsideration of petitioner's application. Based upon the record and the judgment before us, petitioner is still waiting to receive a permit to construct the asphalt plant.[5] Accordingly, we find that relief was not granted against respondent.

As to respondent's requested relief, respondent submitted an answer to the petition/complaint in proceeding No. 2 and, as part of its "wherefore" clause, it requested "Dismissing the Complaint-Petition." It would seem that such a general allegation could define respondent's request for relief given that petitioner sought the benefit of the special facts exception as part of its petition/complaint. Conversely, CPLR 5511 would be rendered meaningless if an examination into whether a party was aggrieved was reduced solely to looking at a party's pleading and seeing if such pro forma request was made.

Notwithstanding these countervailing concerns, we need not decide at this juncture whether respondent's sole allegation in its answer to "Dismiss[ ] the Complaint-Petition" is determina-

5. Depending on the outcome, petitioner or respondent may challenge the ultimate decision on petitioner's application (*see generally Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 762-763 [2000]; *cf. Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1, 5 [1974]).

tive as to what respondent requested. Although respondent did not submit a memorandum of law in conjunction with its answer, respondent noted in a supplemental letter to Supreme Court that "the arguments showing why the Court should dismiss the Complaint-Petition" were set forth in its counsel's initial and reply affidavits submitted in support of its motion to intervene and the supporting memorandum of law. As such, the nature and extent of respondent's sought relief can be discerned from these documents.

Counsel stated in her affidavit that the Town and the Town Board could not "adequately protect [respondent's] substantial interests in upholding [Local Law No. 2]" and that respondent would "face substantial adverse impacts if [petitioner's] proceeding were to result in the annulment of [Local Law No. 2]." Respondent's memorandum of law likewise stated that respondent had "a substantial interest in ensuring that [Local Law No. 2] is upheld." Counsel made similar statements in a reply affidavit and stated therein that respondent was "defending [Local Law No. 2], not 'attacking the administrative action.'" Based on these documents, respondent's purpose in seeking intervention and, more importantly, the relief that respondent wanted, consisted of opposing petitioner's efforts to annul Local Law No. 2 and to have such law preserved and upheld.

We note that while respondent's counsel also contended that petitioner was not entitled to a special facts exception, this argument was made only in the context of the competing requests by petitioner and respondent for a preliminary injunction. Specifically, respondent sought a preliminary injunction to stay the consideration of petitioner's application by the Planning Board pending the resolution of proceeding No. 2 and petitioner sought a preliminary injunction against the Town and the Town Board to prevent them from enforcing Local Law No. 2. Even though petitioner's request for a preliminary injunction was directed towards the Town and the Town Board, respondent nonetheless argued that, because the special facts exception was inapplicable, petitioner failed to demonstrate a likelihood of success on the merits of the petition/complaint.

Whether a preliminary injunction was granted, however, was merely ancillary to respondent's primary concern of having Local Law No. 2 upheld. In other words, respondent's purpose for intervening was not to permanently restrain the Planning Board from considering petitioner's application. Rather, seeking a preliminary injunction was temporary relief directed at maintaining the status quo while the parties litigated the va-

lidity of Local Law No. 2. Indeed, respondent's counsel stated, within the context of its preliminary injunction contentions, that "the entire exercise, and [its] efforts, will be moot when [Local Law No. 2] is held to be valid." As such, although Supreme Court did not specifically address the requests for a preliminary injunction in the December 2015 judgment, even if it had withheld such relief, respondent still would not be aggrieved because it received what it ultimately requested—i.e., the preservation of Local Law No. 2.

In sum, because relief was not granted against respondent and because respondent received its requested relief in the form of having Local Law No. 2 upheld, it is not aggrieved by the December 2015 judgment (see T.D. v New York State Off. of Mental Health, 91 NY2d at 862; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 544-545; Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York], 273 AD2d 668, 672 [2000]; Dumais v Spross, 163 AD2d 725, 725 [1990]; see generally Mixon v TBV, Inc., 76 AD3d at 156-157). Accordingly, respondent's appeal must be dismissed.

Finally, petitioner also received its requested relief and is likewise not aggrieved by the December 2015 judgment. As such, its cross appeal is dismissed (see Matter of Village Green Hollow, LLC v Assessor of the Town of Mamakating, 145 AD3d 1134, 1135 n 2 [2016]; Matter of D'Agostino v DiNapoli, 70 AD3d 1285, 1286 [2010]). Petitioner's alternative contention for affirming the December 2015 judgment that the matter must be remitted in order for Supreme Court to determine the validity of Local Law No. 2 in the event that we concluded that it was not entitled to the special facts exception has been rendered academic in light of our disposition (see McCormick v Bechtol, 68 AD3d 1376, 1378 n 2 [2009], lv denied 15 NY3d 701 [2010], cert denied 562 US 1063 [2010]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur. Ordered that the appeal and cross appeal are dismissed, without costs.