Porco v Lifetime Entertainment Servs., LLC (2019 NY Slip Op 07122)





Porco v Lifetime Entertainment Servs., LLC


2019 NY Slip Op 07122


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

527341

[*1]Christopher Porco et al., Appellants,
v
Lifetime Entertainment Services, LLC, Respondent.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellants.
Ballard Spahr LLP, New York City (David A. Schulz of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Powers, J.), entered February 5, 2018 in Clinton County, which, among other things, denied defendant's motion to partially dismiss the amended complaint.
In 2013, plaintiff Christopher Porco commenced this action under Civil Rights Law §§ 50 and 51 seeking to enjoin defendant from broadcasting a movie about a crime for which he had been convicted. Defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court (Muller, J.) granted the motion, but its order was reversed on appeal (Porco v Lifetime Entertainment Servs., LLC, 147 AD3d 1253 [2017]). In 2017, plaintiffs served an amended summons and complaint adding plaintiff Joan Porco as a plaintiff and asserting claims on her behalf. Defendant thereafter moved to dismiss the claims asserted by Joan Porco in the amended complaint as barred by the statute of limitations. Plaintiffs cross-moved for leave to serve a second amended complaint and opposed defendant's motion on the grounds that the claims asserted by Joan Porco were timely under the relation back doctrine or, alternatively, a question of fact existed as to whether defendant "republished" the movie, thereby starting a new statute of limitations period. In a February 2018 order, although Supreme Court held that plaintiffs could not rely on the relation back doctrine, it agreed with plaintiffs that discovery was needed to resolve the republication issue. As such, the court denied defendant's motion "without prejudice to making a motion for similar relief at the conclusion of discovery" and granted plaintiffs' cross motion. Plaintiffs appeal.
Whether plaintiffs are aggrieved must be determined as a threshold matter. Only an aggrieved party is a permissible appellant (see CPLR 5511). The aggrievement requirement is jurisdictional in nature (see Lincoln v Austic, 60 AD2d 487, 490 [1978], lv denied 44 NY2d 644 [1978]) and, although the parties agreed that Joan Porco was aggrieved, the parties cannot create or consent to our jurisdiction where it would otherwise not exist. "A party that has received [his or her] sought relief is not aggrieved and, therefore, has no basis to take an appeal" (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017] [citations omitted]; see Dumais v Spross, 163 AD2d 725, 725 [1990]). This principle applies even "where that party disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in his [or her] favor, or where he [or she] failed to prevail on all the issues that had been raised" (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545 [1983] [internal citation omitted]; see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d at 1331; Matter of Mack v Board of Appeals, Town of Homer, 25 AD3d 977, 978-979 [2006]). In sum, aggrievement centers on whether the relief requested by a party has been wholly or partially denied or whether relief has been granted against a party and that party opposed that relief (see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d at 1331).
In our view, Christopher Porco is not an aggrieved party. Defendant's motion sought dismissal of only those claims asserted by Joan Porco. In other words, defendant did not seek any relief against Christopher Porco. Supreme Court likewise did not grant defendant any relief against him. Accordingly, Christopher Porco has no basis to appeal from the February 2018 order.
Regarding Joan Porco, Supreme Court held that she could not rely on the relation back doctrine for her claims in the amended complaint to be timely asserted. The court nonetheless denied defendant's motion without prejudice to renew upon completion of discovery after considering plaintiffs' republication argument.[FN1] Accordingly, the court neither granted defendant any affirmative relief against Joan Porco nor withheld any affirmative relief requested by Joan Porco. Indeed, the only affirmative relief sought by Joan Porco was for leave to serve a second amended complaint, which the court granted and is not contested on appeal. Because Joan Porco was not granted incomplete relief, the exception to the aggrievement requirement (see Matter of Xavier II. [Rahiem II.], 81 AD3d 1222, 1222 [2011]) does not apply in this case.
Furthermore, a party is not aggrieved when his or her interests are only remotely or contingently affected by the order appealed from (see Ross v Wigg, 100 NY 243, 246 [1885]; Thymann v AFG Mgt., 112 AD3d 455, 456 [2013]). Although Joan Porco's claims are subject to dismissal in the future given that Supreme Court denied defendant's motion without prejudice to renew, it is possible that defendant may never seek to renew its motion. And, even if defendant did move to renew, we can only surmise at this juncture how the court would decide it. Finally, to the extent that Joan Porco is dissatisfied with the court's rationale concerning the relation back doctrine, such dissatisfaction does not make her an aggrieved party (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 545; Hodge v Baptiste, 114 AD3d 830, 831 [2014]).[FN2] Accordingly, the appeal must be dismissed.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: We note that this is what plaintiffs precisely argued for when opposing defendant's motion.

Footnote 2: Had defendant taken an appeal or a cross appeal, Joan Porco could have raised her relation back doctrine argument as an alternative ground for affirmance (see Hall v Queensbury Union Free Sch. Dist., 147 AD3d 1249, 1252-1253 [2017]; Ullmannglass v Oneida, Ltd., 121 AD3d 1371, 1372 n 2 [2014]). Alternatively, assuming Supreme Court ultimately granted a motion to renew by defendant and dismissed Joan Porco's claims, Joan Porco would not be precluded from seeking appellate review (see CPLR 5501, 5701).