Matter of Kosmo Family Trust (Knipe Wieland--Savino) (2019 NY Slip Op 07671)





Matter of Kosmo Family Trust (Knipe Wieland--Savino)


2019 NY Slip Op 07671


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

528197

[*1]In the Matter of the Kosmo Family Trust. Laira E. Knipe Wieland, Respondent; Donna Savino, Appellant.

Calendar Date: September 6, 2019

Before: Garry, P.J., Egan Jr., Lynch and Pritzker, JJ.


Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for appellant.
McNamee Lochner PC, Albany (Francis J. Smith of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Surrogate's Court of Albany County (Pettit, S.), entered December 3, 2018, which, in a proceeding pursuant to EPTL article 7, granted respondent's motion for summary judgment dismissing the petition.
In 1994, Janet Kosmo (hereinafter decedent) and her husband, Joseph Kosmo, created the Kosmo Family Trust, which, after both of their deaths, granted, among other things, the residue of decedent's half of the trust to petitioner, decedent's daughter. In 2008, decedent and her husband executed the Amendment and Restatement of the Kosmo Family Trust (hereinafter the Trust), which removed petitioner as a beneficiary and provided, among other things, that, after their deaths, the remaining Trust assets would be divided, and decedent's half would be distributed with a 90% share to Richard Knipe, decedent's son, and a 10% share to Charles Wendel, decedent's nephew. The Trust was amended several times and, in 2016, decedent executed the final amendment to the Trust, which granted decedent's share in full to respondent, a "good friend" of decedent. In March 2018, petitioner commenced the current proceeding, alleging that the relevant Trust amendments are void due to decedent's lack of capacity at the time of execution and the undue influence and misrepresentations of respondent. In her answer, respondent asserted as an affirmative defense that petitioner lacks standing. Respondent subsequently moved for summary judgment — making no mention of whether dismissal should be with or without prejudice — based upon petitioner's lack of standing, as petitioner was not a beneficiary and, as such, did not have an interest in the Trust at the commencement of the proceeding. After Knipe assigned 50% of his interest to petitioner, she opposed the motion. Respondent replied and alleged that standing cannot be retroactively established through a later assignment of interest and that the proceeding is time-barred because the assignment took place after the statute of limitations expired. In her sur-reply, petitioner countered, as relevant herein, that the assignment of Knipe's interest gave her standing and that respondent waived the ability to raise a statute of limitations defense because it was not raised in her answer.
Surrogate's Court granted respondent's motion and dismissed the petition without prejudice on the basis that petitioner lacked standing when the proceeding was commenced. The court noted that, based upon the assignment from Knipe, petitioner, at the time, did have standing and that the dismissal was not on the merits. The court, recognizing that it was "unnecessary," went on to address respondent's contention that the action was time-barred, ultimately stating that it was not and that, in any event, respondent waived this defense by failing to raise it in her answer. Respondent appeals.
The appeal must be dismissed as respondent is not aggrieved by Surrogate's Court's order. As relevant here, "a party is aggrieved when a court grants relief, in whole or in part, against such party and such party had opposed the requested relief. Aggrievement does not hinge upon a court's reasons underpinning why relief was granted or denied" (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017] [internal citations omitted]; see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]). Here, Surrogate's Court did not grant relief against respondent, as it granted her motion for summary judgment dismissing the petition. Although respondent now asserts that the petition should have been dismissed with prejudice, such relief was not requested; thus respondent received the relief she requested and is not aggrieved (Matter of Blum v Pathstone Corp., 172 AD3d 1679, 1680 [2019]). We note that, even if respondent had requested that the petition be dismissed with prejudice, dismissal without prejudice was required by law because the decision was not made on the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 14 [2008]; State of New York Mtge. Agency v Massarelli, 167 AD3d 1296, 1297 [2018]). Lastly, the court's comment that the action was not time-barred was not necessary to resolve the motion and, as such, is dicta and "'disagreement with dicta does not provide a basis to take an appeal"' (see Matter of Doe v Rensselaer Polytechnic Inst., 172 AD3d 1691, 1692-1693 [2019], quoting Matter of FMC Corp. v New York State Dept. of Envtl. Conservation, 151 AD3d 1416, 1417 [2017]).
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the appeal is dismissed, without costs.