U.S. Bank Natl. Assn. v Kaufman (2020 NY Slip Op 06184)





U.S. Bank Natl. Assn. v Kaufman


2020 NY Slip Op 06184


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

529263 529760

[*1]U.S. Bank National Association, as Trustee, Appellant,
v
Chana Kaufman, Respondent, et al., Defendants.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


McCalla Raymer Leibert Pierce, LLC, New York City (Jane H. Torcia of counsel), for appellant.
Kalter, Kaplan, Zeiger & Forman, Woodbourne (Terry S. Forman of counsel), for respondent.



Aarons, J.
Appeals (1) from an order of the Supreme Court (Schick, J.), entered January 18, 2019 in Sullivan County, which directed the submission of supplemental affirmations or affidavits, and (2) from an order of said court, entered May 23, 2019 in Sullivan County, which, among other things, denied plaintiff's cross motion to extend the time to serve the complaint.
In 2009, plaintiff commenced a mortgage foreclosure action against defendant Chana Kaufman (hereinafter defendant), among others, after she failed to make required payments due under the note and mortgage. This action, however, was subsequently discontinued upon plaintiff's motion. Plaintiff thereafter commenced this mortgage foreclosure action against defendant, among others, in July 2017. Defendant failed to answer the complaint and an order of reference was issued upon her default. A judgment of foreclosure and sale was subsequently entered.
Prior to the sale, defendant, in August 2018, moved to vacate the judgment of foreclosure and sale under CPLR 5015 (a) (4). Defendant argued therein that she was never properly served with the complaint and that she "believe[d] there [was] a statute of limitations defense." In September 2018, plaintiff cross-moved under CPLR 306-b for an extension of time to effectuate service upon defendant. In a January 2019 order, Supreme Court directed that the parties submit additional papers regarding the statute of limitations issue. After consideration of the supplemental submissions, the court found that defendant established a meritorious statute of limitations defense and orally dismissed the complaint as time-barred. In a May 2019 order embodying the oral decision, the court granted defendant's motion to vacate, denied plaintiff's cross motion, dismissed the complaint and discharged the subject mortgage. Plaintiff appeals from the January 2019 and May 2019 orders.
As an initial matter, no appeal lies as of right from the January 2019 order. Such order merely directed the parties to submit supplemental submissions and, by doing so, deferred the determination of the subject motions. Given that the January 2019 order did not affect a substantial right, plaintiff's appeal from the January 2019 order must be dismissed (see Enzien v Enzien, 149 AD2d 783, 783 [1989]; see generally CPLR 5701 [a] [2] [v]).
Regarding defendant's motion to vacate, we note that Supreme Court concluded that defendant had a meritorious defense, i.e., that the complaint was barred by the statute of limitations. A meritorious defense is an element that is required to be shown when a party seeks to be relieved of a default based upon the ground of an excusable default (see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 166 AD3d 1365, 1365 [2018]; Nulty v Wolff, 291 AD2d 763, 764 [2002]; see generally CPLR 5015 [a] [1]). Defendant, however, did not seek to vacate her default due to an excusable default pursuant to CPLR 5015 (a) (1). Rather, she specifically relied on lack of personal jurisdiction under CPLR 5015 (a) (4) in moving for vacatur. As such, whether defendant had a meritorious defense was irrelevant to the issue of whether the court had personal jurisdiction over her.
That said, we agree with plaintiff that Supreme Court erred in dismissing the complaint on the basis that it was barred by the statute of limitations. Unless raised in a responsive pleading or a pre-answer motion to dismiss, a defendant waives the statute of limitations defense (see CPLR 3211 [e]; Gauthier v Countryway Ins. Co., 100 AD3d 1062, 1062 [2012]). Defendant never answered the complaint nor did she make a pre-answer motion to dismiss arguing that the complaint was untimely. As such, under the procedural posture of this case, the court should not have dismissed the complaint as not timely commenced (see 352 Legion Funding Assoc. v 348 Riverdale, LLC, 164 AD3d 551, 552-553 [2018]).
Notwithstanding the foregoing, defendant contends, as an alternative ground for affirmance, that her default was properly vacated due to lack of personal jurisdiction. Plaintiff does not raise any argument as to whether service was properly effectuated upon defendant or whether a traverse hearing should have been granted.[FN1] Accordingly, plaintiff has abandoned any argument with respect to defendant's motion to vacate (see Humphrey v Riley, 163 AD3d 1313, 1314 n [2018]). Plaintiff instead argues that it was entitled to an extension of time under CPLR 306-b to cure any service defects.
To that end, a plaintiff may be granted an extension of time to serve process upon a defendant "upon good cause shown or in the interest of justice" (CPLR 306-b; see Amica Ins. v Baum, 180 AD3d 1284, 1285 [2020]). Even if we agreed with defendant that plaintiff failed to satisfy the good cause standard of CPLR 306-b, we find that plaintiff established its entitlement to an extension of time in the interest of justice. "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105 [2001]). The record discloses that, approximately one month after commencing this action, plaintiff made numerous attempts to serve defendant at the address provided on the mortgage documents. Plaintiff likewise cross-moved for an extension of time to cure any service defects approximately one month after defendant raised the issue of improper service. Furthermore, defendant does not argue, nor does the record indicate, that she would suffer any prejudice if an extension of time was granted. In view of the foregoing, and taking into account that plaintiff demonstrated the merits of its claim, plaintiff's cross motion, to the extent that it sought an extension of time to serve process in the interest of justice, should have been granted (see Mead v Singleman, 24 AD3d 1142, 1144 [2005]).
Finally, plaintiff is correct that Supreme Court erred by canceling and discharging the subject mortgage in the May 2019 order. This specific relief was not requested by defendant, and the court's oral decision does not reflect that such relief was granted (see Di Prospero v Ford Motor Co., 105 AD2d 479, 480 [1984]). The subject mortgage must therefore be reinstated.
Egan Jr., J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered January 18, 2019 is dismissed, without costs.
ORDERED that the order entered May 23, 2019 is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's cross motion and discharged the subject mortgage; said cross motion granted and mortgage reinstated, and plaintiff's time to serve the summons and complaint upon defendant Chana Kaufman is extended to 30 days from the date of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Although Supreme Court noted in the January 2019 order that plaintiff did not request a traverse hearing, plaintiff did ultimately request one in its supplemental submission.