Trustco Bank v The Preserve Dev. Group Co., LLC (2021 NY Slip Op 00350)





Trustco Bank v The Preserve Dev. Group Co., LLC


2021 NY Slip Op 00350


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

531170

[*1]Trustco Bank, Respondent,
v
The Preserve Development Group Co., LLC, Also Known as the Preserve Development Co., LLC, et al., Appellants.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Nolan Heller Kauffman LLP, Albany (Justin A. Heller of counsel), for appellants.
O'Connell & Aronowitz, Albany (Francis J. Smith of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Auffredou, J.), entered August 30, 2019 in Warren County, which, among other things, determined that plaintiff's motion for a deficiency judgment was timely.
In 2009, defendant The Preserve Development Group Co., LLC borrowed funds from plaintiff to develop property located in the Town of Johnsburg, Warren County, commonly known as The Preserve at Gore Mountain (hereinafter the premises). The loan was secured by a mortgage on the premises. Additionally, defendants George R. Van Voorhis III and Geoffery S. Konis, the members of the LLC, guaranteed payment of the loan. After defendants failed to make the required payments, plaintiff commenced this foreclosure action in June 2016. Ultimately, plaintiff was awarded a judgment of foreclosure and sale in November 2017. Plaintiff purchased the premises at the public auction in May 2018. A referee's deed conveying title to the premises was delivered to plaintiff on June 12, 2018.
On July 16, 2018, plaintiff moved for, among other things, a deficiency judgment pursuant to RPAPL 1371 (1). Defendants opposed the motion. In January 2019, Supreme Court denied plaintiff's motion without prejudice, finding that plaintiff had not submitted sufficient information for the court to determine the fair and reasonable market value of the premises. Shortly thereafter, plaintiff filed a motion for leave to renew or reargue, which the court denied. Plaintiff then again moved in June 2019 for a deficiency judgment (hereinafter the second motion), asking that the motion be "deemed nunc pro tunc relating back to the original application date." Defendants opposed the second motion as untimely pursuant to RPAPL 1371 (2). Supreme Court found the second motion timely based upon substantial compliance within the statute, but, after considering the merits, determined that plaintiff still failed to offer sufficient proof for it to determine the fair market value of the premises. Defendants appeal.
As an initial matter, plaintiff contends that, because Supreme Court did not ultimately rule on the relief sought — namely a deficiency judgment — and instead issued a stay to allow further submissions from the parties, defendants are not aggrieved by the ruling and the appeal should be dismissed.[FN1] We disagree. A party is aggrieved when the court denies the relief it requested or grants relief, in whole or in part, against a party who had opposed the relief (see Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017]). Here, defendants opposed plaintiff's second motion for a deficiency judgment as untimely. Had Supreme Court agreed, the case would have been dismissed outright, and defendants would have been relieved of any deficiency judgment. Instead, they continue to be involved in litigation and remain exposed to the potential of said judgment and the financial consequences attendant thereto. Defendants are therefore clearly aggrieved by the [*2]finding of timeliness by Supreme Court.
As to whether the second motion was timely under RPAPL 1371 (2), a lender is entitled to move for a deficiency judgment against the borrower so long as the motion is brought (1) on notice to the borrower or the borrower's attorney and (2) within 90 days after the date of the consummation of the sale by the delivery of a proper deed. "The 90-day period is a provision in the nature of a statute of limitations, thus failure by plaintiff to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment" (Cicero v Aspen Hills II, LLC, 85 AD3d 1411, 1412 [2011] [internal quotation marks, brackets and citation omitted]).
It is undisputed that the referee's deed was delivered on June 12, 2018. The 90-day period began running on that date and would have expired on September 10, 2018, if not interrupted. However, plaintiff did not file its second motion until June 5, 2019, which, even after allowing for a tolling of the statute during the period when the original motion and the subsequent motion to renew/reargue were pending, is well beyond the 90 days provided for in RPAPL 1371 (2). Plaintiff acknowledged in the second motion that the 90-day period had expired and sought to have the motion deemed nunc pro tunc back to the first motion. Supreme Court acknowledged that plaintiff provided no authority for its request, but nevertheless found the motion to be timely based upon substantial compliance with RPAPL 1371 (2), as defendants were "served with and had notice of plaintiff's claim within the 90-day period set forth in the statute." This was error. The substantial compliance doctrine is primarily applied by courts where actual notice has been timely received through an improper method of service (see Bianco v Coles, 131 AD2d 10, 13 [1987]; Heritage Sav. Bank v Grabowski, 70 AD2d 989, 990 [1979]). Here, defendants received proper and timely notice of the first motion for a deficiency judgment, which was denied without prejudice. Next, a motion to renew or reargue was filed, attaching the complete appraisal. This motion was denied. The second motion was substantially different from the first as it contained a different appraisal and utilized a different manner of calculating the fair market value, and it was indisputably served on defendants after the 90-day period had expired. Accordingly, the substantial compliance doctrine does not apply (see D'Ambra v Haynor, 293 AD2d 858, 859-860 [2002]; First Nationwide Bank v Pegasus Agency, 253 AD2d 536, 536 [1998]; Mortgagee Affiliates Corp. v Jerder Realty Servs., 62 AD2d 591, 593-594 [1978], affd 47 NY2d 796 [1979]).
Finally, plaintiff urges this Court to find the second motion timely by applying CPLR 205 (a), allowing it to file the second motion six months after the denial of the first motion. However, this issue is not preserved for our review. Nevertheless, were this issue properly before us, we would find plaintiff's interpretation [*3]of CPLR 205 (a) to be unpersuasive. When presented with a question of statutory interpretation, the starting point is the language of the statute itself (see Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013]). "[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). Here, the statute provides that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action" (CPLR 205 [a] [emphasis added]). An action is defined as "a civil or criminal judicial proceeding" (Black's Law Dictionary [11 ed 2019], action). CPLR 105 defines an action to include a special proceeding, whereas a motion is defined as "an application for an order" (CPLR 2211). RPAPL 1371 (2) and (3) expressly direct that a motion for a deficiency judgment be made. Motions are not subject to the tolling provision of CPLR 205 (a). Had the Legislature intended to include motions in CPLR 205 (a), it could have done so and its failure to do so, is presumed to be intentional (see Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 90-91 [2019], cert denied ___ US ___, 140 S Ct 904 [2020]).
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
Aarons, J. (dissenting).
In my view, the August 2019 order did not affect a substantial right of defendants. As such, this order is not appealable as of right and defendants' appeal therefrom should be dismissed. Accordingly, I respectfully dissent.
In 2016, plaintiff commenced a mortgage foreclosure action after payments due under a loan were not made. Plaintiff ultimately obtained a judgment of foreclosure and sale in November 2017 and purchased the property at issue at an auction in May 2018. In July 2018, plaintiff moved for, among other things, a deficiency judgment. Supreme Court denied the motion without prejudice based upon plaintiff's failure to submit sufficient information to determine the value of the property. After plaintiff's motion for leave to renew and reargue was denied, plaintiff, in June 2019, moved again for a deficiency judgment. Defendants opposed the motion on the basis that it was untimely under RPAPL 1371 (2). In an August 2019 order, although the court rejected defendants' timeliness argument, it "stayed" plaintiff's motion and gave plaintiff 30 days to submit additional information for the court's consideration[*4]. If plaintiff failed to tender such information within the imposed time frame, the motion would be deemed denied without any further order of the court.
The record discloses that Supreme Court did not grant or deny plaintiff's motion. Rather, as noted, the court "stayed" plaintiff's motion. Even though the court indicated that it was "turn[ing] to the merits of plaintiff's motion," it ultimately concluded that it did not possess sufficient information to make a merits determination and directed plaintiff to provide more proof so that it could make a proper and fair determination. In effect, the court deferred the determination of plaintiff's motion pending the submission of additional information. Under these circumstances, the August 2019 order did not affect a substantial right and, therefore, is not appealable as of right (see U.S. Bank N.A. v Kaufman, 187 AD3d 1456, 1457 [2020]; Matter of Francis v Prusinski, 143 AD3d 1135, 1136 [2016]; Enzien v Enzien, 149 AD2d 783, 783 [1989]).
Defendants maintain that they are aggrieved by the August 2019 order because Supreme Court reasoned, contrary to their view, that plaintiff's motion was timely. Aggrievement, however, depends on "whether relief was granted or withheld, and not about the reasons therefor" (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1331 [2017] [internal quotation marks and citation omitted]). In this regard, "a party is aggrieved when a court grants relief, in whole or in part, against such party and such party had opposed the requested relief" (id. at 1331). The relief sought by plaintiff and opposed by defendants was the granting of the motion for a deficiency judgment. The reason why defendants opposed the granting of the motion was that the motion was untimely — a reason that the court rejected. The mere fact that defendants disagree with certain findings by, or the reasoning of, the court does not make them aggrieved within the meaning of CPLR 5511 (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]; Porco v Lifetime Entertainment Servs., LLC, 176 AD3d 1274, 1275-1276 [2019]). Furthermore, although the court considered the merits of plaintiff's motion, mere consideration does not mean that relief was actually granted in plaintiff's favor. Based on the foregoing, defendants are not aggrieved.
For these reasons, I would dismiss the appeal.
ORDERED the order is reversed, on the law, with costs, and plaintiff's motion for a deficiency judgment denied.



Footnotes

Footnote 1: Although Supreme Court did stay the motion for 30 days to allow plaintiff to submit additional proof, the court's order specifically found plaintiff's motion to be timely.