Associates First Capital Corp. v Roth (2024 NY Slip Op 01789)

Associates First Capital Corp. v Roth

2024 NY Slip Op 01789

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-08591
 (Index No. 80042/21)

[*1]Associates First Capital Corporation, etc., appellant,
v
Shirley A. Roth, et al., defendants.

Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan of counsel), for appellant.

DECISION & ORDER
In a consolidated action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated October 14, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4314 for the appointment of a successor referee.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4314 for the appointment of a successor referee is granted.
On June 30, 2008, the plaintiff commenced this action against Shirley A. Roth, John Cservak, and Stephen T. Cservak, Sr., among others, to foreclose a mortgage on certain residential property located in Dutchess County. None of the defendants appeared or answered the complaint. Thereafter, in an order dated November 15, 2011, the Supreme Court, among other things, appointed a referee to ascertain and compute the amount due to the plaintiff. The mortgage was subsequently assigned to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A (hereinafter Wilmington).
In June 2021, the plaintiff moved to amend the caption to substitute Wilmington as the plaintiff and, in effect, pursuant to CPLR 4314 for the appointment of a successor referee. The motion was unopposed. In an order dated October 14, 2021, the Supreme Court denied the motion on the ground that the statute of limitations had expired. The plaintiff appeals from so much of the order as denied that branch of its motion which was, in effect, pursuant to CPLR 4314 for the appointment of a successor referee.
The statute of limitations is an affirmative defense that is waived by a party unless it is raised either in a responsive pleading or by motion prior to the submission of a responsive pleading (see id. § 3211[e]; 352 Legion Funding Assoc. v 348 Riverdale, LLC, 164 AD3d 551, 552-553; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762; Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 797). "'A court may not take judicial notice, sua sponte, of the applicability of a statute of limitations if that defense has not been raised'" (352 Legion Funding Assoc. v 348 Riverdale, LLC, 164 AD3d at 553, quoting Paladino v Time Warner Cable of N.Y. City, 16 AD3d 646, 647 [internal quotation marks omitted]).
Here, none of the defendants answered the complaint, and the record does not show [*2]that any defendant made a pre-answer motion that raised the statute of limitations (see U.S. Bank N.A. v Kaufman, 187 AD3d 1456, 1457; 352 Legion Funding Assoc. v 348 Riverdale, LLC, 164 AD3d at 553). Therefore, a statute of limitations defense was waived. Moreover, even if the defense was not waived, no defendant opposed the instant motion, and the issue of the statute of limitations was not raised on the motion. Thus, the Supreme Court improperly determined the motion on a ground not raised by the parties (see Misicki v Caradonna, 12 NY3d 511, 519; Crosbie v KBC Food Corp., 190 AD3d 684, 686).
In light of the foregoing, the Supreme Court should not have, sua sponte, raised the affirmative defense of the statute of limitations and denied that branch of the motion which was, in effect, pursuant to CPLR 4314 for the appointment of a successor referee on the ground that the statute of limitations had expired.
CPLR 4314 provides: "Upon being notified that a referee declines or fails to serve, or in the case of the death, resignation or removal of a referee, or if a new trial is granted after a reference, on motion of any party or on its own initiative, the court may designate a successor referee, unless a stipulation upon which the order of reference is based expressly provides otherwise." Here, the plaintiff's attorney averred in an affirmation in support of the plaintiff's motion that the appointed referee was "no longer on the referee's list and [was] not accepting any foreclosure cases." Moreover, there is no indication in the record that the parties stipulated that the Supreme Court could not designate a successor referee. Accordingly, since the appointed referee declined to serve, the court should have granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4314 for the appointment of a successor referee.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court