People ex rel. Bruni v Apple (2023 NY Slip Op 02720)

People ex rel. Bruni v Apple

2023 NY Slip Op 02720

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

531008 532910 533776
[*1]The People of the State of New York ex rel. Thomas C. Bruni, Appellant,
v
Craig D. Apple Sr., as Albany County Sheriff, Respondent. (And Two Other Related Proceedings.)

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
Eugenia Koutelis Condon, County Attorney, Albany (Joseph A. Coticchio of counsel), for respondent.

Pritzker, J.
Appeals from an order and two decisions of the County Court of Albany County (Andra Ackerman, J.), entered February 11, 2020 and dated August 7, 2020 and March 17, 2021, which denied petitioner's applications for a writ of habeas corpus, in three proceedings pursuant to CPLR article 70, without hearings.
On February 4, 2020, petitioner was arrested and charged with attempted assault in the second degree, criminal contempt in the first degree, criminal possession of a weapon in the third degree and aggravated harassment in the second degree. The allegations stemmed from an incident on a public street in the City of Albany, where petitioner allegedly struck the complainant numerous times with a metal flashlight while making threatening remarks because petitioner reportedly believed that the complainant was a "Russian spy." Petitioner was arraigned in Albany City Court on the aforementioned charges. Although none of the charges were "qualifying offenses" under this state's bail laws (see CPL 510.10 [4]; 530.20 [1] [b])[FN1] — meaning that the court was not statutorily permitted to set bail or to remand petitioner without bail (see CPL 510.10 [3]; 530.20 [1] [a]) — petitioner was remanded to the Albany County Jail without bail for the purpose of a competency examination pursuant to CPL article 730.
In February 2020, petitioner commenced the first of three proceedings pursuant to CPLR article 70 seeking a writ of habeas corpus. Petitioner argued, among other things, that the remand order was unlawful on the grounds that he could not be held under the bail laws because he had not been charged with a bail-eligible offense under CPL 510.10, and CPL 730.20 (2) did not separately authorize City Court to order petitioner held in jail pending the competency examination. The parties appeared in County Court for argument on the application, which the People opposed. County Court denied the petition, finding that, although petitioner was not charged with any qualifying offenses at his arraignment, City Court retained discretionary authority under CPL 730.20 to remand petitioner for the sole purpose of conducting the psychiatric competency examination (67 Misc 3d 254, 255 [Albany County Ct 2020]). Thereafter, the court-ordered examination was conducted, and petitioner was found to not be an incapacitated person, which resulted in his release. Petitioner was subsequently arrested — perhaps as many as five times — and two more applications for writs of habeas corpus followed in August 2020 and March 2021, both of which were denied orally. Petitioner separately appeals from the denial of his three applications for writs of habeas corpus. This Court, among other things, granted petitioner's motion to consolidate the three appeals (2021 NY Slip Op 70549[U] [3d Dept 2021]).
We turn first to petitioner's appeal from the February 2020 order. Significantly, petitioner concedes that this proceeding is moot by virtue of the finding that petitioner is not incompetent and his [*2]subsequent release from custody and his ultimate arrest and remand on new criminal charges in a separate criminal matter (see People ex rel. Molinaro v Warden, Rikers Is., 39 NY3d 120, 123 [2022]; People ex rel. McManus v Horn, 18 NY3d 660, 663 [2012]; People ex rel. Morrison v Keyser, 196 AD3d 978, 979 [3d Dept 2021]; People ex rel. Cadet v Wendland, 189 AD3d 1862, 1862 [3d Dept 2020]). We decline to apply the mootness exception inasmuch as, presented with the same factual circumstances and legal question, the Court of Appeals recently applied the exception to the mootness doctrine and addressed the substantive issue (see People ex rel. Molinaro v Warden, Rikers Is., 39 NY3d at 123). Therefore, the appeal from the order must be dismissed as moot. We reach this same conclusion as to County Court's determinations on petitioner's two other applications at issue on appeal.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: The charge of criminal contempt in the first degree (see Penal Law § 215.51 [b] [ii]) did not constitute a qualifying offense in this matter because the underlying allegation of this charge did not involve an alleged violation of "a duly served order of protection where the protected party is a member of [petitioner's] same family or household" (CPL 530.20 [1] [b] [viii]). Neither the parties, nor County Court, disputed the position that all of the charges involve non-qualifying offenses.