People ex rel. Lotze v Annucci (2023 NY Slip Op 04471)

People ex rel. Lotze v Annucci

2023 NY Slip Op 04471

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

CV-22-2085
[*1]The People of the State of New York ex rel. William Lotze, on Behalf of Nekie Ricks, Appellant,
v
Anthony Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent, et al., Respondent.

Calendar Date:August 17, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for Anthony Annucci, respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered October 12, 2022 in Schenectady County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.
In 2017, Nekie Ricks was convicted of attempted criminal sale of a controlled substance in the third degree and was sentenced to five years in prison, to be followed by three years of postrelease supervision. He was released to parole supervision in February 2022. On August 24, 2022, Ricks was arrested and charged with various offenses, including criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and escape from custody after a felony charge. Ricks thereafter filed a bail application and, on August 26, 2022, County Court (Caruso, J.) set bail and Ricks was released. On August 30, 2022, a parole warrant was issued charging Ricks with 14 parole violations, including engaging in the criminal conduct that resulted in his August 2022 arrest. The next day, Ricks was presented for a recognizance hearing on the parole warrant. Following the hearing, County Court (Sypniewski, J.) ordered that Ricks be detained pending resolution of the parole violation charges, finding that he presented a substantial risk of failing to appear at the preliminary or final revocation hearings.[FN1] On September 14, 2022, petitioner commenced this proceeding pursuant to CPLR article 70 for a writ of habeas corpus on Ricks' behalf, arguing that, pursuant to the Less is More Community Supervision and Revocation Act (see Executive Law § 259-i [3] [a] [hereinafter the Less is More Act]), Ricks was unlawfully detained on a parole warrant. Supreme Court denied petitioner's application after a hearing, and petitioner appeals.
Initially, during the pendency of this appeal, Ricks pleaded guilty to a parole violation and received a 12-month time assessment. As a result, this revocation determination is now the basis for his detention and, because Ricks is no longer being held by County Court's securing order, the appeal from the denial of the habeas corpus application is now moot. Nevertheless, in light of the language in Executive Law § 259-i (3) (a) (viii), the issue of whether a releasee who has secured release on bail on the new criminal charges could be detained on the basis of a securing order is significant, capable of repetition and, since detention under either a parole warrant or a securing order is for a limited duration, the issue could evade review. Accordingly, we find that the exception to the mootness doctrine applies (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; People ex rel. Jones v Collado, 207 AD3d 1005, 1006 [3d Dept 2022]).
"The Less is More Act modified the procedures and standards regarding the revocation of postrelease supervision, eliminating the numbered categories of violations and, instead, distinguishing technical violations from [*2]non-technical violations and prohibiting reincarceration for technical violations, with limited exceptions" (People ex rel. Marrero v Stanford, 215 AD3d 1046, 1047-1048 [3d Dept 2023], citing Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii], as amended by L 2021, ch 427, §§ 1, 6). As relevant here, a non-technical violation is defined as "the commission of a new felony or misdemeanor offense" (Executive Law § 259 [7]), while a technical violation is defined as "any conduct that violates a condition of community supervision in an important respect, other than the commission of a new felony or misdemeanor offense under the [P]enal [L]aw" (Executive Law § 259 [6]). "If the parole officer having charge of a person under community supervision shall have probable cause to believe that such person has committed a non-technical violation, . . . a notice of violation may be issued or a warrant may be issued for the retaking of such person and for his [or her] temporary detention" (Executive Law § 259-i [3] [a] [i]). The releasee must be presented within 24 hours of being detained to "a county court, district court or city court in the county or city where the violation is alleged to have been committed for a recognizance hearing" (Executive Law § 259-i [3] [a] [iv]). "At a recognizance hearing, the court shall consider all available evidence of the releasee's employment, family and community ties including length of residency in the community, history of reporting in a timely fashion to a parole or supervisory officer, and other indicators of stability. At the conclusion of the recognizance hearing, the court may order that the releasee be detained pending a preliminary or final revocation hearing only upon a finding that the releasee currently presents a substantial risk of willfully failing to appear at the preliminary or final revocation hearings and that no non-monetary condition or combination of conditions in the community will reasonably assure the releasee's appearance at the preliminary or final revocation hearing" (Executive Law § 259-i [3] [a] [vi]).
When releasees are seeking bail on the new criminal charges, the recognizance hearing on the parole violation hearing "may be held at the same time as a proceeding pursuant to [CPL article 530] for any warrants issued by the [Department of Corrections and Community Supervision] prior to such proceeding. If at the proceeding pursuant to [CPL article 530] the court imposes bail on the new alleged criminal offense or commits the releasee to the custody of the sheriff pursuant to [CPL article 530] and the releasee secures release by paying bail . . . , then the releasee shall not be detained further based solely on the [parole] warrant" (Executive Law § 259-i [3] [a] [viii]).
Petitioner argues that, inasmuch as Ricks was released on bail on the new criminal charges, he is being unlawfully detained solely on the parole warrant. We disagree. Detention of a releasee on a parole warrant is "temporary[*3]," as the releasee must be provided a recognizance hearing within 24 hours (Executive Law § 259-i [3] [a] [i]), at the conclusion of which the releasee shall either be detained by a court order pending the preliminary or final revocation hearings or be released "on the least restrictive non-monetary conditions that will reasonably assure the releasee's appearance at subsequent preliminary or revocation hearings" (Executive Law § 259-i [3] [a] [vi]). Under either scenario, following the recognizance hearing, the releasee will no longer be detained on the parole warrant. Ricks was detained on the parole warrant on August 30, 2022 and, following the recognizance hearing held on August 31, 2022, County Court issued a securing order detaining him pending the revocation hearing. At that point, Ricks was being held under the court's securing order, which remains in force until a new court order supersedes it, the alleged violations have been dismissed or a final revocation decision sustaining the violation has been issued. A securing order issued by a court is not equivalent to a parole warrant issued by the Department of Corrections and Community Supervision; had the Legislature intended that a releasee who is released on bail on the new criminal charges not be detained on a court order following the recognizance hearing it could have said so, and the failure to do so "is presumed to be intentional" (Trustco Bank v Preserve Dev. Group Co., LLC, 190 AD3d 1176, 1179 [3d Dept 2021], lv denied 37 NY3d 909 [2021]). Moreover, such an interpretation would render the language requiring a recognizance hearing in Executive Law § 259-i (3) (a) (viii) superfluous. "Absent ambiguity the courts may not resort to rules of construction to alter the scope and application of a statute because no such rule gives the court discretion to declare the intent of the law when the words are unequivocal" (Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 [2019] [internal quotation marks, brackets and citations omitted], cert denied 589 US ___, 140 S Ct 904 [2020]). As such, we conclude that Ricks' detention on County Court's securing order is lawful and consistent with the provisions of the Less is More Act.[FN2]
Petitioner also argues that Ricks is being unlawfully detained because County Court erred in finding that there was a substantial risk of him willfully failing to appear at his preliminary or final revocation hearings, the finding that resulted in the court issuing the securing order detaining him. Petitioner did not, however, provide a copy of the recognizance hearing transcript either to Supreme Court as part of the motion for habeas corpus or in the record on appeal before this Court. As such, meaningful review of County Court's findings is impossible (see CPLR 5526). In light of the foregoing, we discern no reason to disturb Supreme Court's denial of petitioner's request for habeas corpus relief.
Egan Jr., J.P., Clark, Ceresia and McShan, JJ., concur.
ORDERED [*4]that the order is affirmed, without costs.

Footnotes

Footnote 1: Ricks waived a preliminary hearing on the parole violation charges.

Footnote 2: Notably, where, as here, a parole warrant is issued "for a non-technical violation for alleged criminal conduct that has already been the subject of a court's order pursuant to [CPL article 530], then within [24] hours of execution of the warrant the releasee shall be provided a recognizance hearing pursuant to this subparagraph" (Executive Law § 259-i [3] [a] [viii]). The record reflects that these provisions were satisfied here.