People ex rel. Abraham v Russo (2023 NY Slip Op 04696)

People ex rel. Abraham v Russo

2023 NY Slip Op 04696

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

CV-22-1904
[*1]The People of the State of New York ex rel. Kareef Abraham, Appellant,
v
Patrick Russo, as Rensselaer County Sheriff, Respondent, and New York State Division of Parole et al., Respondents.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Sandra J. McCarthy, Conflict Defender, Troy, for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for New York State Division of Parole and another, respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Laura M. Jordan, J.), entered September 13, 2022 in Rensselaer County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.
In 2018, petitioner was twice convicted of attempted criminal possession of a weapon in the second degree and was sentenced to terms of imprisonment and postrelease supervision. In October 2021, petitioner was released on parole supervision, which was subsequently revoked and then restored, resulting in petitioner being rereleased to parole supervision in February 2022. In the early morning hours of June 15, 2022, petitioner was arrested for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and was held in county jail without bail. Later that day, a parole warrant was issued charging petitioner with 12 parole violations including nontechnical violations predicated upon the conduct that resulted in the new weapon charges. As required (see Executive Law § 259-i [3] [a] [iv], [viii]), petitioner appeared the following day, June 16, 2022, for a recognizance hearing on the parole warrant. At that hearing before County Court (Sober, J.), petitioner consented to being held on the parole violation charges because he was being held without bail on the new criminal charges. Following the recognizance hearing, County Court issued a securing order directing that petitioner be detained pending resolution of the parole violation charges. In doing so, the court checked a box in the securing order stating that petitioner "presents a substantial risk of failing to appear at the preliminary or final revocation hearings and no non-monetary condition or combination of conditions in the community will reasonably assure the releasee's appearance at the preliminary or final revocation hearing." Petitioner was then remanded pending resolution of his parole revocation proceeding.[FN1]
On August 3, 2022, petitioner was arraigned on an indictment charging him with criminal possession of a weapon in the second and third degrees and soon thereafter posted bail. Petitioner, however, remained in county jail pursuant to County Court's securing order pending a final parole revocation hearing and resolution of the parole violation charges. Petitioner then commenced this habeas corpus proceeding pursuant to CPLR article 70, arguing that, once he posted bail, he could no longer be legally detained "based solely on the [parole] warrant issued by the department" and the charges contained therein (Executive Law § 259-i [3] [a] [viii]). Supreme Court dismissed the application following a hearing. Petitioner appeals.
On August 31, 2022, petitioner appeared for his final parole revocation hearing at which time he pleaded guilty to one of the charges as a nontechnical violator in exchange for a sentence consisting of a 10-month time assessment. As a result, the parties concede, and we agree[*2], that the instant appeal is moot because petitioner's parole matter has concluded, and petitioner is no longer detained on the basis of either the parole warrant or the securing order. Finally, the exception to the mootness doctrine does not apply because, when presented with similar factual circumstances and the same legal question, we recently addressed the substantive issue presented here (see People ex rel. Lotze v Annucci, ___ AD3d ___, ___, 2023 NY Slip Op 04471, *3 [3d Dept 2023]; see also Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; People ex rel. Bruni v Apple, 216 AD3d 1319, 1321 [3d Dept 2023], appeal dismissed & lv denied ___ NY3d ___ [Sept. 14, 2023]). Accordingly, the appeal must be dismissed.
Lynch, J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Following a June 21, 2022, preliminary parole revocation hearing, a hearing officer found, by a preponderance of the evidence, that there was evidence to believe that petitioner violated parole in an important respect, and he remained in custody pursuant to County Court's securing order pending his final parole revocation hearing.