People of the State of New York ex rel. Maisonet v Apple (2024 NY Slip Op 01135)

 People of the State of New York ex rel. Maisonet v Apple

2024 NY Slip Op 01135

Decided on February 29, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 29, 2024

535304
[*1]The People of the State of New York ex rel. Emilio Maisonet, Appellant,
v
Craig Apple, as Albany County Sheriff, Respondent, and Letitia James, as Attorney General, et al., Respondents.

Calendar Date:January 16, 2024

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Emilio Maisonet, Coxsackie, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for Letitia James and others, respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), entered March 29, 2022 in Albany County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was convicted in 2008 of various crimes and was sentenced to an aggregate term of imprisonment. As a result of such convictions, petitioner is a risk level three sex offender. Petitioner initially was released to parole supervision in August 2013 and, following two revocations, petitioner's probation was restored in August 2015. In September 2015, petitioner stopped reporting to his parole officer and attending a required outpatient treatment program. He was deemed to be an absconder, and a parole warrant was issued. Petitioner's whereabouts remained unknown until he was arrested in Illinois in March 2017 and charged with, among other crimes, attempted murder. Petitioner subsequently pleaded guilty to attempted murder and was sentenced to a prison term of six years with credit for time served.
Following his release on March 16, 2022, petitioner was extradited to New York and was served with a notice of parole violation on March 17, 2022. That same day, County Court (Little, J.) held a recognizance hearing pursuant to Executive Law § 259-i (3) (a) (v). At the conclusion thereof, County Court found that the warrant was properly issued, executed and served, that petitioner presented a substantial risk of willfully failing to appear at a preliminary or final revocation hearing and that no nonmonetary condition(s) would reasonably assure his appearance at such hearings. Accordingly, County Court ordered that petitioner be remanded without bail pending a parole revocation proceeding.
A few days later, petitioner commenced this habeas corpus proceeding challenging County Court's securing order and the legality of his detention. Respondents opposed the requested relief and filed a return. By judgment entered March 29, 2022, Supreme Court rejected petitioner's claims and dismissed the petition. Petitioner appealed and, shortly thereafter, appeared for his final parole revocation hearing. In May 2022, petitioner was found guilty of two nontechnical violations, his parole was revoked and he was ordered held until the maximum expiration of his prison term in 2030.
Once petitioner was found guilty of two parole violations in May 2022 and ordered held until the maximum expiration of his sentence, he was no longer being detained on the basis of either the underlying parole warrant or County Court's March 2022 securing order. Hence, this appeal — premised upon Supreme Court's rejection of petitioner's challenge to the securing order and his resulting detention — is moot (see People ex rel. Abraham v Russo, 219 AD3d 1623, 1624 [3d Dept 2023]; People ex rel. Lotze v Annucci, 219 AD3d 1102, 1103 [3d Dept 2023]). Although petitioner raised a number of issues both at the recognizance hearing and in his pro se brief [*2]on appeal, only the claim that he was denied the right to cross-examine or otherwise question the parole officer who presented information to County Court at the recognizance hearing is preserved for our review. That said, respondents acknowledge that this singular issue is capable of repetition and could evade review. Notwithstanding this, it is not sufficiently novel or substantial to trigger the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; compare People ex rel. Lotze v Annucci, 219 AD3d at 1103-1104). Accordingly, petitioner's appeal is dismissed as moot.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.