Department of Corr. & Community Supervision v Wright (2026 NY Slip Op 50383(U))

[*1]

Department of Corr. & Community Supervision v Wright

2026 NY Slip Op 50383(U)

Decided on March 24, 2026

City Court Of Ithaca, Tompkins County

Peacock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2026
City Court of Ithaca, Tompkins County

Department of Corrections and Community Supervision

againstChristopher Wright

Docket No. MZ-530-26

Seth J. Peacock, J.

Following a recognizance hearing pursuant to Executive Law § 259-i[3][a][vi], this Court found that the releasee presents a substantial risk of willfully failing to appear at a preliminary or final revocation hearing, and that no non-monetary condition or combination of conditions would reasonably assure the releasee's appearance at the preliminary or final revocation hearing. The Court ordered the releasee detained pending said hearings.
On March 20, 2026, the releasee filed a letter through counsel asserting that the Grand Jury had dismissed the charges against the releasee. The releasee moved the Court to "revise its order and release defendant from Tompkins County Jail, pending the final hearing." Counsel noted that the Court can take this action "based on the language in the original order." The Court's authority to take this action is based not on the language of the original order, but on Executive Law § 259-i[3][a][vi]. People ex rel. Lotze v Annucci, 219 AD3d 1102, 1105 [3d Dept 2023].
The Court, treating the letter as an order to show cause, directed DOCCS to respond by the end of the day of March 23, 2026. DOCCS filed no reply by that time.
The requested relief is DENIED. Although the Grand Jury here entered a "Finding of Dismissal," this does not automatically render the Court's detainment order invalid. See, People ex rel. Pickett v Ruffo, 96 AD2d 128, 129-130 [3d Dept 1983] (Grand Jury's dismissal did not render parole detainer warrant invalid). Here, the Grand Jury's dismissal could have been based either on a lack of sufficient evidence or a lack of reasonable cause. CPL § 190.75[1]. In contrast, at a recognizance hearing pursuant to Executive Law § 259-i[3][a][vi], the Court is determining only a releasee's risk of willfully failing to appear. The parole violation is still pending. The releasee's letter motion fails to adequately address the Court's finding that he presents a substantial risk of willfully failing to appear at a preliminary or final revocation hearing.
DATED: March 24, 2026Hon. Seth J. PeacockIthaca City Court Judge